FILED

2018 Feb-27  AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 243 (Rev. 10/16)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| | |
|---|---|
| UNITED STATES OF AMERICA | **7:18-cv-08005-LSC** |
| −v− | Civil Action No.: _____ |
| JABORIS ANTONIO WALKER | *(to be filled in by the Clerk's Office)* |
| Movant | |
| *(Full name under which you were convicted)* | |

Prisoner No.: __34528-001__

Place of Confinement: __Bennettsville FCI__

Address: __P.O. Box 52020__

| __Bennettsville__ | __SC__ | __29512__ |
|---|---|---|
| *City* | *State* | *Zip Code* |

## MOTION

1.  (a)  Name and location of court which entered the judgment of conviction you are challenging:
        __United States District Court for the Northern District of Alabama__
        __Federal building and United States Courthouse__
        __2005 University Boulevard   Tuscaloosa, Alabama, 35401__

    (b)  Criminal docket or case number (if you know): __7:16-CR-00157-LSC-SGV-1__

2.  (a)  Date of the judgment of conviction (if you know): __March 6th, 2017__

    (b)  Date of Sentencing: __March 2nd, 2017__

3.  Length of Sentence: __180 Months (15 Years)__

4.  Nature of crime (all counts): __Felon in Possession of a Firearm   (18 U.S.C. §922(g)(1))__

    _____

    _____

5.  (a)  What was your plea? (Check one)

        (1)  Not guilty ☐      (2)  Guilty ☒      (3)  Nolo contendere (no contest) ☐

1

(b)     If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

_____Not applicable_____

_____

6.   If you went to trial, what kind of trial did you have? (Check one)     ☐ Jury     ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?     ☐ Yes     ☒ No

8.   Did you appeal from the judgment of conviction?     ☒ Yes     ☐ No

9.   If you did appeal, answer the following:

(a)     Name of court: __USCA 11th Circuit_____

(b)     Docket or case number (if you know): __17-15727-H_____

(c)     Result: __Appeal still pending_____

(d)     Date of Result (if you know): _____

(e)     Citation to the case (if you know): _____

(f)     Grounds raised: __The district court abused it's discretion when it upwardly departe from the__ __applicable sentencing guidelines range. Because issues on direct appeal are necessarily__ __separate and different issues that can be raised on collateral attack, the arguments made__ __therein focused on the abuse of discretion standard, rather than an attack on the sentence__ __itself for the misapplication of ACCA predicate offense definitions and enhancements.__ _____

(g)     Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☐ No

If yes, answer the following:

(1)     Docket or case number (if you know): _____

(2)     Result: _____

_____

(3)     Date of result (if you know): _____

(4)     Citation to the case (if you know): _____

(5)     Grounds raised: _____

_____

_____

_____

_____

_____

2

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any state court?　　　☐　Yes　☒　No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?　　☐　Yes　☐　No

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, given the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

3

      (6)     Did you receive a hearing where evidence was given on your motion, petition, or application?    ☐ Yes ☐ No

      (7)     Result: _____

      (8)     Date of result (if you know): _____

  (c)     Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

      (1)     First petition:    ☐ Yes ☐ No

      (2)     Second petition:   ☐ Yes ☐ No

  (d)     If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

      _____

      _____

      _____

12.     For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**  I was sentenced to a 15-year mandatory minimum sentence under the Armed Career Criminal Act, in contravention to the Supreme Court decision in Johnson and its progeny.

  (a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

      In my Presentence Investigation Report (PSR) my criminal history contained convictions for sale, distribution of a controlled substance within 3 miles of a school, possession of marijuana, and growing marijuana. Under retroactive clarifications on the ACCA applicability of predicate offenses which trigger ACCA sentences, the Supreme Court has made clear the prior offenses in my PSR do not qualify as predicate "serious drug offenses" for enhancement purposes. My sentence should be vacated and I should be resentenced the 15-year floor mandated by triggering ACCA

  (b)    **Direct Appeal of Ground One:**

      (1)     If you appealed from the judgment of conviction, did you raise this issue?

           ☒ Yes ☐ No

4

(2) If you did not raise this issue in your direct appeal, explain why: _____

As collateral attacks necessarily address different issues that can be brought up on

direct appeal, my direct appeal addressed this issue from an appropriate vehicle.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

☐ Yes   ☒ No

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application:

☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion, petition, or application:

☐ Yes   ☐ No

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes   ☐ No

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion and order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not

raise this issue: _____

_____

_____

**GROUND TWO:** _____

_____

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

_____

_____

_____

_____

_____

_____

_____

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue:

☐   Yes   ☐   No

(2)   If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

☐   Yes   ☐   No

(2)   If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)   Did you receive a hearing on your motion, petition, or application:

☐   Yes   ☐   No

(4)   Did you appeal from the denial of your motion, petition, or application:

☐   Yes   ☐   No

(5)    If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

         ☐  Yes   ☐  No

(6)    If your answer to Question (c)(4) is "Yes," state:

         Name and location of the court where the motion or petition was filed: _____

         _____

         Docket or case number (if you know): _____

         Date of the court's decision: _____

         Result (attach a copy of the court's opinion and order, if available): _____

         _____

         _____

(7)    If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not raise this issue: _____

         _____

         _____

**GROUND THREE:** _____

_____

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

         _____

         _____

         _____

         _____

         _____

         _____

         _____

(b)    **Direct Appeal of Ground Three:**

    (1)    If you appealed from the judgment of conviction, did you raise this issue:

         ☐  Yes   ☐  No

    (2)    If you did not raise this issue in your direct appeal, explain why: _____

         _____

         _____

(c)    **Post-Conviction Proceedings:**

    (1)    Did you raise this issue in any post-conviction motion, petition, or application?

         ☐  Yes   ☐  No

(2)     If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ ____ _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)     Did you receive a hearing on your motion, petition, or application:

☐   Yes   ☐   No

(4)     Did you appeal from the denial of your motion, petition, or application:

☐   Yes   ☐   No

(5)     If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

☐   Yes   ☐   No

(6)     If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion and order, if available): _____

_____

_____

(7)     If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not

raise this issue: _____

_____

_____

**GROUND FOUR:** _____

_____

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

_____

_____

_____

_____

8

_____

_____

_____

**(b)**   **Direct Appeal of Ground Three:**

    **(1)**   If you appealed from the judgment of conviction, did you raise this issue:

        ☐   Yes   ☐   No

    **(2)**   If you did not raise this issue in your direct appeal, explain why: _____

        _____

        _____

**(c)**   **Post-Conviction Proceedings:**

    **(1)**   Did you raise this issue in any post-conviction motion, petition, or application?

        ☐   Yes   ☐   No

    **(2)**   If your answer to Question (c)(1) is "Yes," state:

        Type of motion or petition: _____

        Name and location of the court where the motion or petition was filed: _____

        _____

        Docket or case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available): _____

        _____

    **(3)**   Did you receive a hearing on your motion, petition, or application:

        ☐   Yes   ☐   No

    **(4)**   Did you appeal from the denial of your motion, petition, or application:

        ☐   Yes   ☐   No

    **(5)**   If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        ☐   Yes   ☐   No

    **(6)**   If your answer to Question (c)(4) is "Yes," state:

        Name and location of the court where the motion or petition was filed: _____

        _____

        Docket or case number (if you know): _____

        Date of the court's decision: _____

Result (attach a copy of the court's opinion and order, if available): _____

_____

_____

(7)    If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not raise this issue: _____

_____

_____

13.    Is there any ground in this petition that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

As the issue presented here is a collateral attack unique to §2255 habeas motions, the particular

route for attacking my predicate offenses which triggered sentencing under the ACCA would have

been inappropriate in a direct appeal. Therefore, this petition is the first instance where these

arguments are appropriate to be made.

14.    Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      ☑ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:   I have a pending pro se direct appeal pending before the 11th Circuit now. See

question 9 (above) and 11th Circuit docket #17-15727-H

_____

_____

_____

15.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)    At the preliminary hearing: Kevin L. Butler

     505 20th Street North, Suite 1425, Birmingham, AL 35203

(b)    At arraignment and plea: Glennon F. Threatt, Jr. & Robin Robertson

     505 20th Street North, Suite 1425, Birmingham, AL 35203

(c)    At trial: _____

_____

(d)    At sentencing: Willaim Myers

     950 22nd Street North, Suite 622, Birmingham, LA 35203

(e)    On appeal: _____

_____

    (f)    In any post-conviction proceeding: _____

                _____

    (g)    On appeal from any ruling against you in a post-conviction proceeding: _____

                _____

16.    Were you sentenced on more than one count of indictment, or on more than one indictment, in the same court and at the same time?    ☐ Yes   ☒ No

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☒ No

    (a)    If so, give name and location of court that imposed the other sentence you will serve in the future:

                _____

                _____

    (b)    Give the date the other sentence was imposed: _____

    (c)    Give the length of the other sentence: _____

    (d)    Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    ☐ Yes   ☐ No

18.    **TIMELINESS OF PETITION:** If your judgment of conviction became final over one (1) year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your petition.[1]

    As I was sentenced on March 2nd, and Judgment entered March 6th, both of 2017, my motion is timely in either respect pursuant to 28 U.S.C. §2255(f)(1) & (3).

_____

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1)    the date on which the judgment of conviction became final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the court grant the following relief: <u>Vacate my sentence and re-sentence without</u>
<u>ACCA enhancements.</u>

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison on _____ (month, date, year).

Executed (signed) on _____
(date)

_____
Signature of Movant

13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA


JABORIS ANTONIO WALKER,          )
     Petitioner,               )
                               )
vs.                              )   Case No. 7:16-CR-00157-LSC-SGC
                               )
UNITED STATES OF AMERICA,        )
     Respondent.               )


## MOTION TO VACATE, SET ASIDE, OR CORRECT
## A FEDERAL SENTENCE PURSUANT TO 28 U.S.C. § 2255


COMES NOW the Petitioner, Jaboris Antonio Walker, pro-se, and respectfully moves this Honorable Court to Vacate, Set Aside, or Correct his federal sentence. As grounds for this request, Petitioner submits a United States Supreme Court decision, Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed 2d 604 (June 23, 2016) and also United States v. Hinkle, 832 F.3d 569 (5th Cir. 2017).

Petitioner submits the following:

## I. Case History

A. A June 2016 Grand Jury returned a one-count indictment, charging the Petitioner as follows: (1) On or about November 1, 2015, Petitioner possessed a firearm, a Hi-Point 9mm pistol after having previously been convicted of felony offenses.


1.

B. On July 28, 2016, a memorandum on a superceding indict-
ment was filed which corrected one of the previous convictions
contained in the original indictment. No other charges were
listed.

C. A criminal forfeiture was also alleged pursuant to 18
U.S.C. §§ 924(d) and 28 U.S.C. 2461(c). On July 28, 2016, the
Petitioner/Defendant plead guilty to Count 1 in the superseding
indictment. There is no written plea agreement (binding plea).

D. This is a Title 18 offense, and there is no identifiable
victim other than the community at large. Because Mr. Walker
entered a guilty plea, a downward adjustment for acceptance of
responsibility was appropriate. Sentencing took place on March
3, 2017.

E. Ultimately, and due to misapplication of the Armed Career
Criminal Act (ACCA), Petitioner was sentenced to 15 years of
imprisonment.

## II. Former predicates were used to enhance Petitioner's federal sentence.

The guideline for this violation of 18 U.S.C. § 922(g)(1)
is found in United States Sentencing Guidelines (USSG) § 2K2.1
(a)(4)(A). Petitioner has questionable prior "controlled substance
offense" convictions. He was convicted on July 22, 2014, of
Unlawful Distribution of a Controlled Substance in Tuscaloosa,
Alabama, Circuit Court (CC43-3436). Because Petitioner possessed
a firearm in connection with the felony offense and pending charge

2.

of Possession/Receipt of a controlled substance (cocaine) in
Tuscaloosa County, Alabama, Circuit Court (CC-16-865), 4 levels
have been added pursuant to § 2K2.1(b)(6)(B). The other specific
offense characteristics and cross references were considered, but
determined not to apply.

## DISCUSSION

III. Petitioner raises one ground for relief in this § 2255.
His prior drug convictions can no longer be used as
predicates for Career Offender enhancement purposes.
The Armed Career Criminal conviction is invalid.

This claim is based upon the Supreme Court's "new substantive"
rule announced in Mathis, supra. This motion is timely and
correctly filed within the 1-year statute pursuant to § 2255(f)(3).
Relief is available under 2255 when the claimed errors of law are
"a fundamental defect which inherently results in a complete
miscarriage of justice" or "an omission inconsistent with the
rudimentary demands of fair procedure." See, United States v.
Ange, 2017 U.S. Dist. LEXIS 25034 (quoting Hill v. United States,
368 U.S. 424, 7 L.Ed 2d 417 (1962).

IV. Mathis applies retroactively.

The Supreme Court has created separate retroactivity standards
for new rules of criminal procedure and new decisions of substant-
ive criminal law." Under the substantive retroactivity standard,

3.

the appropriate inquiry is whether the claimed legal error was
a fundamental defect which inherently results in a complete mis-
carriage of justice, and whether it presents exceptional circum-
stances where the need for the remedy afforded by collateral relief
is apparent." In reaching this conclusion, the Seventh Circuit's
analysis on the Court's authority to determine if a Supreme Court
decision applies retroactively.

V. Mathis announced a new substantive rule.

As mentioned, above, Mathis announced a "new substantive rule".
See, United States v. Rico-Mejia, No. 16-50022, 2017 U.S. App.
LEXIS 2455 (5th Cir. 2017); see also, United States v. Hinkle,
832 F.3d 574 (5th Cir. 2016). The Fifth Circuit adopting the
Mathis approach in Hinkle. District Courts around the United States
have likewise adopted the Mathis approach to cases on collateral
review. See Hill v. United States, 2016 U.S. Dist. LEXIS 171363
(W.D. Tex.)(granting resentencing based on Mathis and Hinkle).
LOH v. Willis, 2017 U.S. Dist. LEXIS (W.D. Tex.)(Mathis, Hinkle
and Tanskley on collateral review); United States v. Jones, 2017
U.S. Dist. LEXIS 6519 (E.D. Ky)(same); United States v. Richards,
2017 U.S. Dist. LEXIS 3094 (E.D. Mich)("The Petitioner has raised
a colorable argument that Hinkle should be adopted. This is a
complicated and rapidly changing area of law.")(appointing counsel
for the defendant).

4.

## VI. Prior Offenses

Petitioner herein asserts that his prior drug convictions do not qualify as predicates for imposition of the ACCA. Specifically, he was charged with - Count One: did unlawfully sell, furnish, give away, manufacture, deliver or distribute a controlled substance to wit: Marijuana, in violation of section 13A-12-211 of the Code of Alabama. He was also charged with furnishing, delivery or distribution of said controlled substance being in the form of a sale, occurred within a 3 mile radius of the campus boundaries of any public or private school, college, university or other educational institution, in violation of section 13A-12-250 of the Code of Alabama.

Count Two charged Petitioner with violating 13A-12-213 of the Code of Alabama for unlawfully and knowingly possessing marijuana for other than personal use, or for personal use only after having been previously convicted of unlawful possession of marijuana in the second degree or unlawful possession of marijuana for personal use only.

Count Three also charged Petitioner with violating 13A-12-213. Count Four: charged with packaging material, to plant, propogate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain or conceal a controlled substance, in violation of section 13A-12-260(C) of the Code of Alabama.

5.

Safety Code Ann. § 481.002(8) on which a defendant's conviction was based, Mathis makes clear that sentencing courts may no longer do so.

The delivery element of the Alabama Codes in question here, criminalizes a greater swath of conduct than the elements of the relevant guidelines offense. This mismatch of elements means that the Petitioner's conviction under Alabama Codes 13A-12-250, 13A-12-211(c), 13A-12-212, 13A-12-214, 13A-12-231, and 13A-12-260 are not "serious drug offenses" for enhancement purposes. Further, Descamps v. United States, 133 S.Ct. 2276, 186 L.Ed 2d 438 (2013) applies retroactively when determining whether prior convictions qualify as predicate offenses under the ACCA's elements and enumerated clauses.

Here, the Petitioner plead guilty to all of the "deliveries" which were then used to punish him as a career offender even though the prior offenses are "broader than the generic offenses" and therefore are disqualified under the rule stated in Mathis.

VII. Conclusion

WHEREFORE, based on the above, Petitioner asserts that he no longer qualifies as an Armed Career Criminal or a Career Criminal and that he is due to be resentenced minus the enhancements. As this case is difficult, he pleads the Court will appoint CJA counsel to assist him and the Court with these issues presented.

So prayed.

6.

Company Name: FEDERAL PUBLIC DEFENDER                    PREPARED FOR: Glennon F Threatt

alacourt.cor

Search Criteria: Name: walker jaboris antonio, SSN: None, County:ALL, Division: Criminal, DOB: None, Case
Year: ALL, Filing Date: None                                                                    22 records.

| County | CaseNumber | Name | JID | Charge | Status | DOB | SEX | Race | CA date | CA code | SSN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 63 | CC201600086400 | WALKER JABORIS ANTONIO | MBA | POSS/REC CONTR. SUBS | Bond | 3/28/1985 | M | B | | | XXX-XX-X463 |
| 63 | DC201500256000 | WALKER JABORIS ANTONIO | DDD | PISTOL-CERTAIN PERSO | Other | 3/28/1985 | M | B | 11/30/2015 | Transferred | XXX-XX-X463 |
| 63 | DC201502234000 | WALKER JABORIS ANTONIO | DDD | POSS/REC CONTR. SUBS | Bond | 3/28/1985 | M | B | 12/21/2015 | Waived to gj | XXX-XX-X463 |
| 63 | CC201300343770 | WALKER JABORIS ANTONIO | MBA | PROBATION REV | Other | 3/28/1985 | M | B | | | XXX-XX-X463 |
| 63 | CC201300343870 | WALKER JABORIS ANTONIO | MBA | PROBATION REV | Other | 3/28/1985 | M | B | | | XXX-XX-X463 |
| 63 | CC201300343970 | WALKER JABORIS ANTONIO | MBA | PROBATION REV | Other | 3/28/1985 | M | B | | | XXX-XX-X463 |
| 63 | CC201300343700 | WALKER JABORIS ANTONIO | MBA | SELL NEAR SCHOOL | Other | 3/28/1985 | M | B | 7/22/2014 | Guilty plea | XXX-XX-X463 |
| 63 | CC201300343800 | WALKER JABORIS ANTONIO | MBA | SELL NEAR SCHOOL | Other | 3/28/1985 | M | B | 7/22/2014 | Guilty plea | XXX-XX-X463 |
| 63 | CC201300343900 | WALKER JABORIS ANTONIO | MBA | SELL NEAR SCHOOL | Other | 3/28/1985 | M | B | 7/22/2014 | Guilty plea | XXX-XX-X463 |
| 63 | CC201300343600 | WALKER JABORIS ANTONIO | MBA | SELL NEAR SCHOOL | Jail | 3/28/1985 | M | B | 7/22/2014 | Guilty plea | XXX-XX-X463 |
| 63 | DC201302222700 | WALKER JABORIS ANTONIO | DDD | SALE MARIJUANA | Jail | 3/28/1985 | M | B | 12/23/2013 | Indicted prior to adjudication | XXX-XX-X463 |
| 63 | DC201302222800 | WALKER JABORIS ANTONIO | DDD | SALE MARIJUANA | Other | 3/28/1985 | M | B | 12/23/2013 | Indicted prior to adjudication | XXX-XX-X463 |
| 63 | DC201302222900 | WALKER JABORIS ANTONIO | DDD | UNLAW DISTRIB/FURN C | Other | 3/28/1985 | M | B | 12/23/2013 | Indicted prior to adjudication | XXX-XX-X463 |
| 63 | DC201302223000 | WALKER JABORIS ANTONIO | DDD | UNLAW DISTRIB/FURN C | Other | 3/28/1985 | M | B | 12/23/2013 | Indicted prior to adjudication | XXX-XX-X463 |
| 63 | DC201302223100 | WALKER JABORIS ANTONIO | DDD | POSS MARIJUANA 1ST | Jail | 3/28/1985 | M | B | 12/23/2013 | Indicted prior to adjudication | XXX-XX-X463 |
| 63 | DC201300263500 | WALKER JABORIS ANTONIO | DDD | USE/POSSESS DRUG PAR | Jail | 3/28/1985 | M | B | 10/15/2013 | Transferred | XXX-XX-X463 |
| 63 | TR201201333100 | WALKER JABORIS ANTONIO | DDD | DRIVING WHILE REVOKE | Bond | 3/28/1985 | M | B | 8/23/2012 | Guilty Plea | XXX-XX-X463 |
| 63 | CC201000171900 | WALKER JABORIS ANTONIO | MDA | POSS MARIJUANA 1ST | Jail | 3/28/1985 | M | B | 8/27/2010 | Guilty plea | XXX-XX-X463 |
| 63 | DC201002154500 | WALKER JABORIS ANTONIO | DDD | POSS MARIJUANA 1ST | Jail | 3/28/1985 | M | B | 8/5/2010 | Waived to gj | XXX-XX-X463 |
| 63 | CC200900155800 | WALKER JABORIS ANTONIO | TDC | POSS MARIJUANA 1ST | Prison | 3/28/1985 | M | B | 8/19/2010 | Guilty plea | XXX-XX-X463 |
| 63 | DC200902102400 | WALKER JABORIS ANTONIO | DDO | POSS MARIJUANA 1ST | Prison | 3/28/1985 | M | B | 7/7/2009 | Waived to gj | XXX-XX-X463 |
| 35 | TR200700810100 | WALKER JABORIS ANTONIO | LJO | DRIVE W/SUSPENDED | Failure to appear | 3/28/1985 | M | B | 4/28/2009 | Guilty Plea | XXX-XX-X463 |

*END OF THE REPORT*

© Alacourt.com  7/1/2016                          1

# Worksheet A (Offense Level)

Defendant **Jaboris Antonio Walker**          District/Office **NDAL**

Docket Number (Year-Sequence-Defendant No.)   **07** : **16** - **cr** - **157** **LSC** **SGC**

Count Number(s) **1**       U.S. Code Title & Section **18** : **922(g)(1)**
                                                            :

Guidelines Manual Edition Used: 20**15** *(NOTE: worksheets keyed to the Manual effective November 1, 2010)*

Instructions: Offense Date: 11/1/2015  - Stat. Max: 10 years

> For each count of conviction (or stipulated offense), complete a separate Worksheet A.  Exception:  Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (see §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (see §3D1.2(a) and (b)).

1. **Offense Level** (See Chapter Two)
   Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations.  Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2K2.1 | Base level w/ 1 UPOM 1st | +20 |
| 4B1.4 | | |
| | | |
| | | |
| | Obstruction Adjust:**poss. reckless endangerment (threw handgun) | |

|  | Sum | |
|---|---|---|
| | | **20** |

2. **Victim-Related Adjustments** (See Chapter Three, Part A)
   Enter the applicable section and adjustment.  If more than one section is applicable, list each section and enter the combined adjustment.  If no adjustment is applicable enter "0."          §**0**     **0**

3. **Role in the Offense Adjustments** (See Chapter Three, Part B)
   Enter the applicable section and adjustment.  If more than one section is applicable, list each section and enter the combined adjustment.  If the adjustment reduces the offense level, enter a minus (-) sign in front of the adjustment.  If no adjustment is applicable, enter "0."          §_____     **0**

4. **Obstruction Adjustments** (See Chapter Three, Part C)
   Enter the applicable section and adjustment.  If more than one section is applicable, list each section and enter the combined adjustment.  If no adjustment is applicable, enter "0."          §_____     **+2**

5. **Adjusted Offense Level**
   Enter the sum of Items 1-4.  If this worksheet does not cover all counts of conviction or stipulated offenses, complete Worksheet B.  Otherwise, enter this result on Worksheet D. Item 1.          **22**

☑ *Check if the defendant is convicted of a single count.  In such case, Worksheet B need not be completed.*

☐ *If the defendant has no criminal history, enter criminal history "I" here and on Item 4, Worksheet D.  In such case, Worksheet C need not be completed.*

*U.S. Sentencing Commission*
*November 22, 2010*
*N:\users\TRAINING\Worksheets\Worksheets-November2010.wpd*

USSG 8 4A1 2.(c)

# Worksheet B
## (Multiple Counts or Stipulation to Additional Offenses)

Defendant    JABORIS WALKER                          Docket Number

**Instructions**
**Step 1:** Determine if any of the counts group. (Note: All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically, (1) counts grouped under §3D1.2(d), or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (see §3D1.2(a)). Explain the reasons for grouping:

_____

_____

**Step 2:** Using the box(es) provided below, for each group of closely related counts, enter the highest adjusted offense level from the various "A" Worksheets (Item 5) that comprise the group (see §3D1.3). (Note: A "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.)

**Step 3:** Enter the number of units to be assigned to each group (see §3D1.4) as follows:

- One unit (1) for the group of closely related counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

1. **Adjusted Offense Level for the First Group of Closely Related Counts**
   Count number(s):_____ _____ _____                                      ⎵_____ (unit)

2. **Adjusted Offense Level for the Second Group of Closely Related Counts**
   Count number(s): _____                                           ⎵_____ (unit)

3. **Adjusted Offense Level for the Third Group of Closely Related Counts**
   Count number(s):_____                                            ⎵_____ (unit)

4. **Adjusted Offense Level for the Fourth Group of Closely Related Counts**
   Count number(s):_ _____ __ __                                          ⎵_____ (unit)

5. **Adjusted Offense Level for the Fifth Group of Closely Related Counts**
   Count number(s): __ ___ _____                                           ⎵_____ (unit)

6. **Total Units**
                                                                              _____
                                                                              (total units)

7. **Increase in Offense Level Based on Total Units (See §3D1.4)**

| | | | |
|---|---|---|---|
| 1 unit: | no increase | 2 1/2 - 3 units: | add 3 levels |
| 1 1/2 units: | add 1 level | 3 1/2 - 5 units: | add 4 levels |
| 2 units: | add 2 levels | More than 5 units: | add 5 levels |

8. **Highest of the Adjusted Offense Levels from Items 1-5 Above**

9. **Combined Adjusted Offense Level (See §3D1.4)**
   Enter the sum of Items 7 and 8 here and on Worksheet D, Item 1.

# Worksheet C (Criminal History)

Defendant **JABORIS WALKER**                          Docket Number _____

Enter the Date Defendant Commenced Participation in Instant Offense (Earliest Date of Relevant Conduct) _____

1.  <u>3 Points</u> for each prior ADULT sentence of imprisonment EXCEEDING ONE YEAR AND ONE MONTH <u>imposed within</u> 15 YEARS of the defendant's commencement of the instant offense OR resulting in <u>incarceration during</u> any part of that 15-YEAR period. (<u>See</u> §§4A1.1(a) and 4A1.2.)

2.  <u>2 Points</u> for each prior sentence of imprisonment of AT LEAST 60 DAYS resulting from an offense committed ON OR AFTER the defendant's 18th birthday not counted under §4A1.1(a) <u>imposed within</u> 10 YEARS of the instant offense; and

    <u>2 Points</u> for each prior sentence of imprisonment of AT LEAST 60 DAYS resulting from an offense committed BEFORE the defendant's 18th birthday not counted under §4A1.1(a) from which the defendant was <u>released from confinement within</u> 5 YEARS of the instant offense. (<u>See</u> §§4A1.1(b) and 4A1.2.)

3.  <u>1 Point</u> for each prior sentence resulting from an offense committed ON OR AFTER the defendant's 18th birthday not counted under §4A1.1(a) or §4A1.1(b) <u>imposed within</u> 10 YEARS of the instant offense; and

    <u>1 Point</u> for each prior sentence resulting from an offense committed BEFORE the defendant's 18th birthday not counted under §4A1.1(a) or §4A1.1(b) <u>imposed within</u> 5 YEARS of the instant offense. (<u>See</u> §§4A1.1(c) and 4A1.2.)

    NOTE: A maximum sum of <u>4 Points</u> may be given for the prior sentences in Item 3.

| Date of Imposition | Offense | Sentence | Release Date** | Guideline Section | Criminal History Pts. |
|---|---|---|---|---|---|
| 7/22/2014 | UPOM 1st (CC2013-3436) (CC2013-3437) (CC2013-3438) (CC2013-3439) | 60 Mo (47 suspend)/5 yr Prob | 7/22/2019 | Arrest: | +3 |
| 8/27/2010 | UPOM 1st (CC2010-1719) concur w/ (CC09-1558), (CC05-2489) | 5 years | 8/27/2015 | Arrest: 7/8/2010 | +3 |
| 7/30/2009 | UPOM 1st (CC2009-1558) concur. w/ 2005-2489 (only after UPOM 2nd) | 5 years | 8/30/2014 | Arrest: 5/28/2009 | +3 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*  Indicate with an asterisk those offenses where defendant was sentenced as a juvenile.

\*\*  A release date is required in only two instances:

   a.  When a sentence covered under §4A1.1(a) was imposed more than 15 years prior to the commencement of the instant offense but release from incarceration occurred within such 15-year period;

   b.  When a sentence counted under §4A1.1(b) was imposed for an offense committed prior to age 18 and more than 5 years prior to the commencement of the instant offense, but release from incarceration occurred within such 5-year period; and

4.  Sum of Criminal History Points for prior sentences under §§4A1.1(a), 4A1.1(b), and 4A1.1(c) (Items 1,2,3).      9 / 6

# Worksheet C

Page 2

Defendant   JABORIS WALKER                        Docket Number _____

5.  <u>2 Points</u> if the defendant committed the instant offense while <u>under any criminal justice sentence</u> (e.g., probation, parole, supervised release, imprisonment, work release, escape status). (See §§4A1.1(d) and 4A1.2.) List the type of control and identify the sentence from which control resulted.  Otherwise, enter <u>0 Points</u>.
    CC2013-3436 - still on Probation

    [ 2 ]

6.  <u>1 Point</u> for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence.  (See §§4A1.1(c) and 4A1.2.)  Identify the crimes of violence and briefly explain why the cases are considered a single sentence.  Otherwise, enter <u>0 Points</u>.

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    [ 0 ]

7.  **Total Criminal History Points** (Sum of Items 4-6)

    *8*   [ 11 ]

8.  **Criminal History Category** (Enter here and on Worksheet D, Item 4)

    [ ✓ ]   *IV*

| Total Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| 13 or more | VI |

# Worksheet D

Page 2

Defendant   **JABORIS WALKER**                          Docket Number _____

9. **Sentencing Options** (Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.)
(See Chapter Five, Sentencing Table)

☐  Zone A  If checked, the following options are available (see §5B1.1):

- Fine (See §5E1.2(a))
- "Straight" Probation
- Imprisonment

☐  Zone B  If checked, the minimum term may be satisfied by:

- Imprisonment
- Imprisonment of at least one month plus supervised release with a condition that substitutes community confinement or home detention for imprisonment (see §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (see §5B1.1(a)(2) and §5C1.1(c)(3))

☐  Zone C  If checked, the minimum term may be satisfied by:

- Imprisonment
- Imprisonment of at least one-half of the minimum term plus supervised release with a condition that substitutes community confinement or home detention for imprisonment (see §5C1.1(d)(2))

☑  Zone D  If checked, the minimum term shall be satisfied by a sentence of imprisonment (see §5C1.1(f))

10. **Length of Term of Probation** (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check applicable box)

☑  At least one year, but not more than five years if the offense level total is 6 or more

☐  No more than three years if the offense level total is 5 or less

11. **Conditions of Probation** (See §5B1.3)

List any mandatory conditions ((a)(1)-(10)), standard conditions ((c)(1)-(14)), and any other special conditions that may be applicable:

_____

_____

_____

_____

_____

_____

_____

# **Worksheet D** (Guideline Worksheet)

Defendant _____   District _____

Docket Number _____

1. **Adjusted Offense Level** (From Worksheet A or B)
   If Worksheet B is required, enter the result from Worksheet B, Item 9.
   Otherwise, enter the result from Worksheet A, Item 5.

   `22`

2. **Acceptance of Responsibility** (See Chapter Three, Part E)
   Enter the applicable reduction of 2 or 3 levels. If no adjustment is
   applicable, enter "0".

   `—3`

3. **Offense Level Total** (Item 1 less Item 2)

   `19`

4. **Criminal History Category** (From Worksheet C)
   Enter the result from Worksheet C, Item 8.

   `Ⅴ  Ⅳ`

5. **Terrorism/Career Offender/Criminal Livelihood/Armed
   Career Criminal/Repeat and Dangerous Sex Offender**
   (see Chapter Three, Part A, and Chapter Four, Part B)

   a.  Offense Level Total

   If the provision for Career Offender (§4B1.1), Criminal
   Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or
   Repeat and Dangerous Sex Offender (§4B1.5) results in an
   offense level total higher than Item 3, enter the offense level
   total. Otherwise, enter "N/A."

   b.  Criminal History Category

   If the provision for Terrorism (§3A1.4), Career Offender
   (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and
   Dangerous Sex Offender (§4B1.5) results in a criminal history
   category higher than Item 4, enter the applicable criminal history
   category. Otherwise, enter "N/A."

   `V`

6. **Guideline Range from Sentencing Table**
   Enter the applicable guideline range from Chapter Five, Part A.

   `57 - 71` Months      If ACC
                        becomes NLT
                        15 - NMT Life

7. **Restricted Guideline Range** (See Chapter Five, Part G)
   If the statutorily authorized maximum sentence or the statutorily
   required minimum sentence restricts the guideline range (Item 6) (see
   §§5G1.1 and 5G1.2), enter either the restricted guideline range or any
   statutory maximum or minimum penalty that would modify the
   guideline range. Otherwise, enter "N/A."

   Months

   ☐  Check this box if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) is applicable.

8. **Undischarged Term of Imprisonment** (See §5G1.3)

   ☐  If the defendant is subject to an undischarged term of imprisonment, check this box and list the
   undischarged term(s) below.

   _____

   _____

# Worksheet D                    Page 3

Defendant   JABORIS WALKER _____   Docket Number _____

12. **Supervised Release** (See §§5D1.1 and 5D1.2)

    a.  A term of supervised release is:  (Check applicable box)

        ☑   Required because a term of imprisonment of more than one year is to be imposed or if required by statute

        ☐   Authorized but not required because a term of imprisonment of one year or less is to be imposed

    b.  Length of Term (Guideline Range of Supervised Release):  (Check applicable box)

        ☑   Class A or B Felony:  Three to Five Year Term    **(If ACC)**

        ☑   Class C or D Felony:  Two to Three Year Term

        ☐   Class E Felony or Class A Misdemeanor:  One Year Term

    c.  Restricted Guideline Range of Supervision Release

        ☐   If a statutorily required term of supervised release impacts the guideline range, check this box and enter the required
        term. _____

13. **Conditions of Supervised Release** (See §5D1.3)
List any mandatory conditions ((a)(1)-(8)), standard conditions ((c)(1)-(15)), and any other special conditions that may be
applicable: _____
_____

14. **Restitution** (See §5E1.1)

    a.  If restitution is applicable, enter the amount.  Otherwise enter "N/A" and the reason:_____
_____

    b.  Enter whether restitution is statutorily mandatory or discretionary: _____
_____

    c.  Enter whether restitution is by an order of restitution or solely as a condition of supervision.  Enter the authorizing statute:
_____

15. **Fines** (Guideline Range of Fines for Individual Defendants) (See §5E1.2)

|   |   | Minimum | Maximum |
|---|---|---------|---------|
| a. | Special fine provisions ☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This does not include the general fine provisions of 18 USC § 3571(b)(2), (d)) |  |  |
|   | Enter the sum of statutory maximum fines for all such counts |  | $_____ |
| b. | Fine Table (§5E1.2(c)(3)) Enter the minimum and maximum fines | $_____ | $_____ |
| c. | Guideline Range of Fines (determined by the minimum of the fine table (Item 15(b)) and the greater maximum above (Item 15(a) or 15(b))) | $_____ | $_____ |
| d. | Ability to Pay ☑ Check this box if the defendant does not have an ability to pay. |  |  |

# Worksheet D

Page 4

Defendant  **JABORIS WALKER**

Docket Number

## 16. Special Assessments (See §5E1.3)

Enter the total amount of special assessments required for all counts of conviction:

* $25 for each misdemeanor count of conviction
* Not less than $100 for each felony count of conviction

$ 100.00

## 17. Additional Factors

List any additional applicable guidelines, policy statements, and statutory provisions. Also list any applicable aggravating and mitigating factors that may warrant a sentence at a particular point either within or outside the applicable guideline range. Attach additional sheets as necessary.

3 separate UPOM 1st - of that 4 are grouped in one of the three

Poss. semi-auto. firearm capable of large cap magazine

Cocaine - cross reference -  Not charged but did test positive for cocaine.  Never saw an amount in the discovery

Completed by  /s/Lori Dillashaw

Date  6/15/2016

U.S. Sentencing Commission
November 22, 2010
H:\resp\TRAINING\Worksheets\Worksheets-November2010.wpd